## Keen v. Jackson.

Fish, C. J. 1. A motion for new trial was presented to and approved by the judge, and was set for a hearing in vacation. A separate order was passed, allowing the movant to amend the motion "at any time before the final hearing; brief of evidence to be filed subject to revision and approval at the hearing. . . If the hearing of the motion for new trial be in vacation and the brief of evidence and the charge of the court have not been filed in the clerk's office before the date of the hearing, said brief of evidence and charge of the court may be filed in the clerk's office at any time within ten days after the motion is heard and determined." A brief of evidence was filed before the hearing, and the order of approval contained no direction with respect to filing. *Held,* that there was no merit in the contention, made in the brief of counsel for defendant in error, that the brief of evidence sent up as a part of the record can not be considered, because the court did not authorize it to be filed as a part of the record in the case.

2. When considered in the light of the pleadings and other evidence, there was no merit in the fourth ground of the amended motion for new trial, which complains of the admission of certain testimony over the objection that it was irrelevant.

3. This was an action to enjoin the defendant from working for turpentine purposes the trees growing on the "Honeygall Tract" of land in

Glynn County, containing two thousand acres, more or less, and to recover damages for trespass thereon. The tract was described as bounded on the north by the meanderings of the Altamaha river, on the east by the "Middleton Tract," on the south by the "Butler Tract," on the west by the "Speight and Hooker Tract" and the "Vivian Tract." In the defendant's answer it was alleged that he "is not in possession of any lands that could fall within any such boundaries as given, except it be some portion of those two tracts of land in said county known respectively as the Spears and Bailey Tract, which contains four hundred and seventy acres, more or less, and the Butler Tract, which contains six hundred and ninety acres, more or less, said two tracts of land lying together in one body." The answer also alleged that defendant was in possession of the two tracts above mentioned, that he was working the trees thereon for turpentine purposes, and that "there are now cut in said trees from eighteen thousand to twenty thousand turpentine boxes, which this defendant is now engaged in working." Both parties relied on prescriptive title to their respective tracts. There was evidence tending to prove the location and boundaries of the "Honeygall Tract" as alleged in the petition, and possession sufficient to show prescriptive title in the plaintiff's predecessors in title in 1870, at which time they moved away without resuming possession afterward. There was also evidence tending to show possession by the defendant's predecessors in title to the "Spears and Bailey Tract," commencing in 1889 and continuing for more than seven years under color of title. The testimony, however, as to the time and continuity of this possession was uncertain and conflicting. *Held:* (*a*) The evidence authorized a finding setting up a prescriptive title in favor of the plaintiff. (*b*) The evidence did not demand a finding setting up a prescriptive title in favor of the defendant.

4. It was admitted that the "Honeygall Tract" as described in the plaintiff's deed embraced a portion of the "Spears and Bailey Tract." There was no evidence as to how much the "Honeygall Tract" and the "Spears and Bailey Tract" interlapped, nor as to the amount of damage done by the defendant to the "Honeygall Tract." Under the circumstances an injunction would have been authorized against cutting the timber on any part of the "Honeygall Tract." The judge therefore was not authorized to direct a verdict for the defendant on the ground that the plaintiff had failed to identify with greater particularity the land on which the alleged trespass was being committed.

*Judgment reversed. All the Justices concur.*

AUGUST 17, 1917.

Equitable petition. Before Judge Highsmith. Glynn superior court. October 26, 1916.

*E. H. Williams* and *D. W. Krauss,* for plaintiff.

*Bennet, Twitty & Reese* and *C. B. Conyers,* for defendant.